TOWN OF ONTARIO v. HILL et al.

(Supreme Court, Appellate Division, Fourth Department. June 18, 1898.)

TOWN BONDS—VALIDITY—INQUIRY BY PLEDGEE.

Laws 1886, c. 316, provided that supervisors of towns could issue re-funding bonds to retire their existing bonds, and that such new bonds should be issued only when existing bonds could be retired by the sub-stitution therefor of new bonds, or could be paid by money realized on the sale of such new bonds. By virtue of Laws 1887, c. 158, authorizing the supervisor of the town of Ontario to execute and issue new bonds to retire the town's bonded indebtedness according to the first-named statute, said supervisor undertook to retire the bonded indebtedness of the town, but in so doing he kept no accurate account of the bonds re-tired, or of the new bonds issued, and the evidence as to what amount of bonds were retired was not clear. He issued three bonds, which he pledged to a bank for a personal loan made by it in good faith. The bank, previous to the loan, sought such outside information as was availa-ble in regard to the regularity and validity of the bonds. *Held*, that the bank, having used due caution, was entitled to the bonds, as against the town, unless the town chose to redeem.

Appeal from special term, Monroe county.

Action by the town of Ontario against Francis A. Hill and the Union Bank of Rochester. From a judgment dismissing the com-

plaint (47 N. Y. Supp. 927), plaintiff appeals.    Reversed as to de-
fendant Hill, and modified as to the bank.

Trial at the special term in Monroe county. Judgment November 8, 1897,
in Wayne county, entered upon a decision dissolving an injunction theretofore
granted restraining the defendant Union Bank of Rochester from selling or
otherwise disposing of or attempting to collect the refunding bonds of the
plaintiff, Nos. 81 and 84, for $100 each, and No. 154, for $500, delivered to it
by the defendant Hill; and also dismissing the plaintiff's complaint, and al-
lowing the defendant Union Bank of Rochester to recover costs.    The three
bonds mentioned were more particularly described in the complaint. At the
town meeting in 1887 the defendant Hill was elected supervisor of plaintiff
town, and continued to be re-elected until the 5th of March, 1889, when his
successor was elected.    In the complaint it is alleged that between April 15,
1887, and September 1, 1896, while Hill was such supervisor, or after his term
of office had expired, without right or authority of law, he executed in his
name as supervisor of said town a large number of instruments partly
lithographed or printed and partly in writing, in the form of and purporting
to be refunding bonds of said town, and alleged to be issued in virtue of the
acts of the legislature to take up, pay, and retire the bonded indebtedness
of the town; and that he put the same into circulation for use, and used some
of them. as collateral security for loans made to himself, for which instru-
ments the town of Ontario received no value.    It is alleged that the instru-
ments were negotiable in form, payable to bearer, and had attached thereto,
lithographed upon the same sheet with each bond, a large number of coupons
maturing each six months from and after April 1, 1887; some of the bonds
being in the amount of $100, and others in the amount of $500.    The plain-
tiff alleges that of such instruments issued without right or authority by the
defendant Hill were two bonds of the denomination of $100 each, numbered
81 and 84, and one bond of the denomination of $500, numbered 154, each
with coupons, which bonds are alleged to be in the possession of the defend-
ant Union Bank of Rochester; and the plaintiff alleges that said bonds are
asserted by the bank to be held as pledged to it as collateral security for a
loan made by it to the defendant Francis Hill in the sum of $500, and that
the bank asserts that the instruments are valid obligations of the plaintiff;
and that the plaintiff alleges that each of said instruments are invalid, illegal,
and wholly void as against the plaintiff, because it took the same charged
with knowledge that the same were not issued for the benefit of said town,
but for the private benefit of said defendant Hill.    The answer of the Union
Bank alleged that it held the said three several bonds, and averred that
they were valid, and denies that it took the same charged with knowledge
that the same were not issued for the benefit of said town.    The answer of
the defendant Hill admitted several of the allegations of the complaint, and,
among others, that the three several bonds mentioned therein "are in the pos-
session of the Union Bank of Rochester as collateral security for a loan made
by said bank to Francis A. Hill"; and alleges that all bonds issued by him
were issued by authority of law and legally, and avers that the town received
full value for the same "by the return of the original bonds which the bonds
were issued to refund."

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN,
and WARD, JJ.

S. D. Bentley, for appellant.
Henry G. Danforth, for respondent Union Bank of Rochester.
T. W. Collins, for respondent Francis A. Hill.

HARDIN, P. J.    In chapter 316 of the Laws of 1886 authority was
given to supervisors of towns, as to the then indebtedness of the towns,
to pay up and retire, by the issue of new bonds "for like amounts,"
such indebtedness.    It was provided, however, "that such new bonds
shall be issued only when existing bonds can be retired by the sub-

stitution therefor of such new bonds or can be paid up by money realized on the sale of such new bonds, but where the said bonded indebtedness shall become due within two years from the issue of the said new bonds, then such new bonds may be issued or sold to provide money in advance, with which to pay up such existing bonds, when they shall become due and payable." In the following year the legislature passed chapter 158 of the Laws of 1887, which contained the following language:

"Section 1. The supervisor of the town of Ontario, in the county of Wayne, is hereby authorized and empowered to do all acts necessary in paying up, retiring and canceling the present bonded indebtedness of said town, and said supervisor is hereby authorized, empowered and designated as the proper officer or person to sign, execute, issue and deliver new bonds of said town for the purposes above set forth, and under and pursuant to the provisions of chapter three hundred and sixteen of the Laws of Eighteen Hundred and Eighty-Six."

The respondent Hill, under the authority given by the two chapters of law, undertook to retire the bonded indebtedness of his town. In doing so apparently he did not adopt the most formal and particular method of keeping an account of the bonds actually retired, or the new bonds and coupons actually issued, and it is difficult to determine from the evidence adduced at the trial precisely what amount of bonds he retired and took up, and the terms and conditions which were applied by him to the negotiations for the surrender of old bonds and the delivery of new bonds. The three bonds in question were apparently issued while he was in the progress of retiring the old bonds, and were subsequently taken by him to the Union Bank and pledged for a loan of $500 then and there made to him in good faith. Before the loan was made, an officer of the bank sought such information as he could avail himself of as to the regularity and validity of the bonds proffered to the bank, and the evidence satisfactorily indicates that the bank in good faith loaned the $500, and took in pledge therefor the three several bonds amounting to $700, and that at the time of the commencement of this action the whole $500 debt remained unpaid, and the bonds so taken by the bank were held by it as collateral security for its loan so made. Its loan was made directly to Hill. Just how or when he acquired title to the bonds pledged to the bank is difficult to determine by the evidence submitted at the trial. The evidence, however, is satisfactory that the Union Bank is a bona fide pledgee of the three several bonds, and the views expressed in the opinion of the trial judge in that regard are satisfactory; but the right of Hill to hold and own the bonds as against the town is not made clear by the evidence. We think the judgment should be modified as to the Union Bank so that, instead of dismissing the plaintiff's complaint, it should be declared that the Union Bank, upon receiving the amount of its loan and interest, and the costs of this action, should surrender the three bonds mentioned in the complaint, and that the judgment as to the Union Bank, as so modified, be affirmed. We think the judgment as to Hill, so far as it dismisses the plaintiff's complaint, should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment as to the Union Bank modified so that the same shall de-

clare that the bank is entitled to hold the three several bonds as collateral security to the $500 debt and interest, and upon the payment of that sum, and the costs of this action, the said bank shall deposit said bonds with the county clerk of Wayne county, to be disposed of, as directed by the final judgment in this action, and, as so modified, judgment affirmed, with costs of the appeal to the respondent Union Bank. Judgment as to the defendant Hill reversed, and a new trial ordered, with costs of the appeal to the appellant to abide the event. All concur.